# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| Mohammad Alqtaishat | : | Chapter 13 Proceeding |
| d/b/a Markle Deli & Grocery | : | |
|       Debtor | : | |
| Mark Zasowski | : | Bankruptcy No. 22-10589-mdc |
|       Movant | : | |
| vs. | : | |
| Mohammad Alqtaishat | : | |
| d/b/a Markle Deli & Grocery | : | |
|    and | : | |
| Kenneth D. West | : | |
|       Respondents | : | |

## OBJECTION TO CONFIRMATION OF THE PLAN

Mark Zasowski (the "Movant"), an unsecured creditor in this case, by his undersigned attorney, objects to the confirmation of the Debtor's Chapter 13 plan and states the following:

1. As of the date of the filing of the bankruptcy on March 9, 2022, Movant is the holder of an unsecured claim in the approximate amount of $55,481.13.

2. Debtor's Chapter 13 Plan (Docket No. 10) proposes that the Debtor pay the Trustee $1,400.00 per month for 59 months, or a total of $82,600.00 (the "Plan Payments").

3. The source of the funding for the proposed Plan Payments is solely the rental income Debtor collects from his commercial mixed-use property located at 456-58 Markle Street, Philadelphia, PA 19128 (the "Property")[1], where Debtor operates his retail grocery store business known as Markle Deli & Grocery on the first floor and rents (2) one-bedroom apartments on the second floor for $700 per month, each (the "Markle Street Apartments").

4. Thus, the Plan's success depends entirely on the occurrence of highly dubious contingencies scheduled to occur over a period of five years from the Plan's inception, namely

---

[1] The Property is further identified on Schedule A/B, Part 2 to Debtor's Bankruptcy Petition (Docket No. 9).

that Debtor will have zero vacancies in his two rental apartments over the 59-month Plan Payment period, that Debtor will timely collect 100% of the rents from both apartments for 59 consecutive months and have no operating expenses associated with the rental apartments.

5.      The Plan unrealistically fails to provide for payment of recurring expenses associated with Debtor's rental apartments including insurance, repairs, maintenance, local property taxes and utility charges.

6.      The Statement of Monthly Income (Docket No. 11) indicates that Debtor has disposable net income of $1,962.00 per month from the operation of his Markle Deli & Grocery business, however the Plan fails to allocate any of Debtor's disposable income to repay Debtor's liabilities including to Movant Mark Zaskowski.

7.       The Statement of Monthly Income (Docket No. 11) omits other disposable income by failing to report the insurance proceeds Debtor received from a robbery that occurred on December 12, 2021 in which Debtor claimed a loss of $9,000.00.[2]

8.      Debtor also made preferential payments in excess of $5,000.00 to Daniel Auerbach, Esquire within 90 days of filing the Chapter 13 Petition in this action, part of which are reflected on Invoice No. 613 of Gamburg & Benedetto LLC attached hereto as **Exhibit "B"**; all of which must be recouped by the Chapter 13 Trustee under 11 U.S.C. § 547, added back to the Debtor's bankruptcy estate and used to augment the Plan Payments and shorten the proposed 5-year duration of the Plan.

9.      According to the Objections to Confirmation of the Plan filed by two secured creditors[3],

---

[2] See Philadelphia Police Dept. Incident Report attached hereto as **Exhibit "A".**

[3] See Objection of CSMC 2021-RPL7 Trust c/o Select Portfolio Servicing, Inc. (Docket No. 15) and Objection of Community Loan Servicing, LLC (Docket No. 22)

the Plan understates pre-petition arrearages and fails to cure the delinquencies as required under 11 U.S.C. §1322(b)(5). If the Plan's proposed distribution to cure defaults is increased to cover the full delinquencies of the secured creditors, the proposed Plan Payments will be insufficient and result in the Plan violating 11 USC §1325(a)(4) by not providing for Movant Mark Zasowski to receive the full value of his claim.

10.    Furthermore, the Petition (Docket No. 1) at paragraph 16(a) incorrectly states that the debts are primarily "consumer debts" as defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose." On the contrary, the debt to Movant Mark Zasowski, the largest unsecured creditor, is entirely a <u>business debt</u> arising out of the demolition, repair, and renovation services Movant performed at Debtor's rental apartments in 2018 at the 456-58 Markle Street Property for which Debtor has not paid one penny. It is totally unjust that Debtor reaped the benefit of Movant's construction services without paying and now purports to use the rental income generated by the fruits of Movant's labor to repay Movant without interest over another five-year delay.

11.    If the plan is confirmed, the Movant will suffer irreparable injury, loss and damage.

12.    Movant objects to the feasibility of the Plan under 11 U.S.C. § 1325(b). The Plan proposed by Debtor is not feasible. Movant requests that the bankruptcy case either be converted to a Chapter 7 or be dismissed pursuant to 11 U.S.C. § 1307.

   WHEREFORE, Movant respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

Respectfully Submitted,

/s/Kenneth D. Berman, Esquire
BERMAN LEGAL LLC
Counsel for Movant Mark Zasowski
Dated: May 4, 2022